made by him, not being made in accordance with the law on the subject of confessions, would be inadmissible against him. See Fry v. State, 58 Tex.Cr.R. 169, 124 S.W. 920; Calloway v. State, 55 Tex.Cr.R. 262, 116 S.W. 575; Patrick v. State, Tex.Cr.App., 74 S.W. 550.

■ Even if we should hold said statements admissible in evidence, we find therein the statement to the county attorney by the appellant that: "I don't know what you are talking about." This statement not only denied the act, but denied his presence at the scene of the offense and any knowledge thereof. This was offered by the State and not shown to be false. Hence, it occurs to us that the State is bound thereby. See Banks v. State, 56 Tex.Cr.R. 262, 119 S.W. 847; Branch's Penal Code, § 73, p. 45.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## JUSTICE v. STATE.

### No. 19703.

Court of Criminal Appeals of Texas.

April 13, 1938.

M. E. Gates, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for selling intoxicating liquor in dry territory, punishment being assessed at a fine of $100.

We observe that it is recited in the information that same is presented in connection with a complaint made by T. E. King, but the complaint mentioned is not found in the record. Before the matter may be considered by this court, the complaint upon which the information is based must appear in the record. See 4 Tex.Jur. p. 166 and cases there cited, including Williams v. State, 89 Tex.Cr.R. 560, 232 S.W. 507.

The appeal is dismissed.

## BUCKLEY v. STATE.

### No. 19700.

Court of Criminal Appeals of Texas.

April 13, 1938.

A. L. Lowrey, of Nacogdoches, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

The conviction is for forgery, the punishment being assessed at two years' confinement in the penitentiary.

The record contains neither bills of exception nor statement of facts. In this condition, nothing is presented for review. The judgment is affirmed.